IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LEON L. BURDINE,**

        **Plaintiff,**

   v.             CASE NO. 08-3255-SAC

**CARLA BONJOUR, et al.,**

        **Defendants.**

**O R D E R**

  Plaintiff proceeds pro se on a complaint filed under 42 U.S.C. § 1983 while plaintiff was confined in the Sedgwick County Adult Detention Center in Wichita, Kansas. Before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

  Having considered the plaintiff's financial records, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

  In this action, plaintiff generally complains of losing his Section 8 housing,[1] and seeks damages and injunctive relief related

---

  [1]The federal Section 8 Existing Housing Program makes assistance payments to private landlords in order to help low-income persons obtain housing. 42 U.S.C. § 1437f.

to his loss of such housing and/or his jail confinement for five to six months in 2007.  The two defendants named in the complaint are a City of Wichita employee (Carla Bonjour) who is also identified as plaintiff's ex-wife, and the Wichita Housing and Community Service Department.  Plaintiff's allegations are not clear, but he cites a protection from abuse (PFA) order Bounjour obtained which plaintiff contends prevented him from living in his Section 8 apartment across the street from Bounjour.  He further cites his arrest in June 2007 and charge of arson for damaging Bonjour's porch swing.  Plaintiff states he was released when the court dismissed the arson charge in December 2007, and claims he is now homeless.  He seeks damages and the restoration of his Section 8 housing.

By an order dated October 9, 2008, the court noted that plaintiff's pleadings were captioned for filing in the Sedgwick County District Court, and directed plaintiff to clarify whether the pleadings should be forwarded to that court as misdirected pleadings.  The court further directed plaintiff to show cause why comity concerns did not warrant dismissal without prejudice of any claim presented to this court that were the same or related claims raised in a pending state court action.

In response, plaintiff acknowledges error in the captioning of his pleadings which he intended for filing in federal court, and clarifies he filed no state court action on any of his claims.

Based on this response, the court finds this action should not be dismissed for the reasons stated in the October 9, 2008, show cause order.  Nonetheless, continuing the screening of plaintiff's amended complaint, 28 U.S.C. § 1915A(a) and (b), the court finds this action remains subject to being dismissed because plaintiff's

allegations are insufficient to state any claim upon which relief can be granted under 42 U.S.C. § 1983.[2]  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

To state a constitutionally cognizable claim under 42 U.S.C. § 1983, plaintiff must allege enough facts to plausibly establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, __, 127 S.Ct. 1955, 1974 (2007).  Plaintiff's allegations fail to do so.

Even assuming the Wichita Housing Authority is a legal entity separate from the City of Wichita and suable under 42 U.S.C. § 1983, it is only subject to liability if plaintiff can show the existence of a Housing Authority policy or custom which directly caused his alleged injury.[3]  Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978); Graves v. Thomas, 450 F.3d 1215, 1218 (10th Cir. 2006).  It is not enough for a plaintiff to allege that

---

[2] Plaintiff's renewed motions for default judgment are denied. No defendant has served with summons or ordered to respond to the complaint.  Plaintiff's renewed motion for the issuance and service of summons, and for appointment of counsel, are denied without prejudice.

[3] *Compare* Beedle v. Wilson, 422 F.3d 1059, 1065 (10th Cir. 2005)(county hospital created as public trust under state law is a state actor for purposes of § 1983, subject to standards applied against municipal entities).

3

the actions of a governmental employee injured him. Olsen v. Layton Hills Mall, 312 F.3d 1304, 1318 (10th Cir. 2002). "Instead, it must be shown that the unconstitutional actions of an employee were representative of an official policy or custom of the municipal institution, or were carried out by an official with final policy making authority with respect to the challenged action." Seamons v. Snow, 206 F.3d 1021, 1029 (10th Cir. 2000). Here, plaintiff's allegations against the Housing Authority are meager at best, and limited to plaintiff's statement that the Housing Authority took no action on his grievance or complaint regarding Bonjour. No action pursuant to a policy or custom is alleged concerning this isolated instance, and plaintiff alleges no recognizable claim of being denied any substantive or procedural rights under the Fair Housing Act.[4]

To the extent plaintiff seeks relief on various state tort theories such as defamation, slander, false arrest, or malicious prosecution, no claim of constitutional significance is presented for the purpose of proceeding in federal court under 42 U.S.C. § 1983. See e.g., Paul v. Davis, 424 U.S. 693, 712 (1976) ("[P]etitioners' defamatory publications, however seriously they may have harmed respondent's reputation, did not deprive him of any 'liberty' or 'property' interests protected by the Due Process Clause."). Relief on these common law torts must be pursued in the

---

[4] Plaintiff's bare and conclusory claim that defendants' discriminated against him to punish him and deny him access to housing is insufficient. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)("conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based").

state courts.[5]

Additionally, plaintiff has not alleged facts from which one could reasonably find Bonjour acted "under color of state law" for the purpose of stating an actionable claim under 42 U.S.C. § 1983. Plaintiff's allegations of misconduct by this defendant center on her obtaining a PFA, and on the damage to her property which resulted in a Sedgwick prosecutor filing a criminal complaint charging plaintiff with arson. Neither reflect any direct action taken under Bonjour's authority as a city housing employee, thus plaintiff's allegations undermine any reasonable likelihood of finding Bonjour acted "under color of state law" in the misconduct alleged in the complaint. See Jojola v. Chavez, 55 F.3d 488, 493 (10th Cir. 1995)("It is well settled that an otherwise private tort is not committed under color of law simply because the tortfeasor is an employee of the state.").

And finally, to the extent plaintiff alleges Bonjour or the Housing Authority caused him injury by their "inadequate representation" in administering plaintiff's subsidized housing, any such allegation of negligence encompasses no violation of plaintiff's rights under the Due Process Clause. Daniels v. Williams, 474 U.S. 327 (1986).

Finding plaintiff's allegations fail to state any claim upon which relief can be granted under 42 U.S.C. § 1983, the court directs plaintiff to show cause why this action should not be

---

[5] While district courts can exercise supplemental jurisdiction over claims arising under state law when they are so related to claims arising under federal law that they form part of same case or controversy, the court declines to do so in this matter. See 28 U.S.C. § 1367(a) and (c)(3).

summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).  The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 14) is granted, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff's motions for default judgment (Docs. 16 and 17) are denied, and that plaintiff's motion for summons (Doc. 21) and motion for appointment of counsel (Doc. 23) are denied without prejudice.

IT IS FURTHER ORDERED that plaintiff's motions for court orders (Docs. 18 and 20) are liberally construed as motions to supplement or amend the relief being sought in this matter, and as so construed are granted.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the amended and supplemented complaint should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED.**

DATED:  This 2nd day of February 2009 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge